IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KATHERINE M. CONNER a/k/a KATHERINE M. SCHMIDT, <br><br>    Plaintiff, <br><br> v. <br><br> LAKEVIEW LOAN SERVICING, LLC, LOANCARE LLC, and DIRECTIONS EQUITY, LLC, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 5:19-cv-357 |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Lakeview Loan Servicing, LLC ("Lakeview") and LoanCare, LLC ("LoanCare") (collectively, the "Defendants"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and any and all defenses under the federal laws of bankruptcy, hereby give notice of the removal of this action from the District Court of Wilson County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this notice of removal, Defendants state as follows:

## I.     INTRODUCTION

1.     Plaintiff Katherine M. Conner a/k/a Katherine M. Schmidt ("Plaintiff") commenced this action by filing a First Amended Petition in the District Court of Wilson

County, Texas, Case Number 19-02-00169-CVW on February 26, 2019 against Lakeview, LoanCare, and Directions Equity, LLC.[1]

2. In the First Amended Petition, Plaintiff alleges that Lakeview and LoanCare improperly foreclosed on her property without providing adequate notice of foreclosure. (*See generally* First Am. Pet.)

3. Based on this allegation, Plaintiff seeks injunctive and declaratory relief and has brought causes of action for breach of contract, negligent misrepresentation, statutory fraud/fraud in real estate, common law wrongful foreclosure, tortious interference with a contract, and violation of the Texas Deceptive Trade Practices Act. (*Id.*)

## II. DIVERSITY JURISDICTION

4. This Court has jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A. The Parties are Diverse.

5. Complete diversity exists between Plaintiff and Defendants in this matter.

6. Plaintiff alleges in the First Amended Petition that she "is an individual residing in Wilson County, Texas" and that "[a]t all times relevant herein, Plaintiff is over the age of eighteen and is a resident of the City of Floresville, County of Wilson, State of Texas." (First Am. Pet. ¶ 2.)

7. "For diversity purposes, a natural person is considered a citizen of the state where he or she is domiciled, i.e. where the person has a fixed residence with the intent to remain

---

[1] As discussed below, Defendants have not included Directions Equity, LLC in this Notice of Removal because it has been improperly joined.

indefinitely." *Jetson v. Woods*, No. H-12-1393, 2012 WL 3580058, at *1 (S.D. Tex. Aug. 16, 2012) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

8. There is no indication that Plaintiff is domiciled in any other state. Thus, Plaintiff is a citizen of Texas.

9. Defendant Lakeview is a limited liability company organized under the laws of the state of Florida. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

- Lakeview's sole member is Bayview MSR Opportunity Corp., which is a Delaware corporation with its principal place of business in Florida.

10. Accordingly, for purposes of diversity, Lakeview is a citizen of Delaware and Florida.

11. Defendant LoanCare is a limited liability company organized under the laws of the state of Virginia. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey*, 542 F.3d at 1080.

- LoanCare's sole member is ServiceLink NLS, LLC.

- ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC.

- ServiceLink Holdings, LLC's sole member is ServiceLink Holdings, Inc, and ten private investment funds.

    - ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida.

    - One of the investment funds, THL Equity VI Investors (BKFS) III, L.P., is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan.

    - Two of the investment funds are limited liability companies. TFL Equity Fund VI Investors (BKFS-LM), LLC is held by six corporations. Two of the corporations are incorporated in Wisconsin, two are incorporated in

> Massachusetts, and two are incorporated in New Hampshire. All six of the corporations have their principal place of business in Massachusetts.
>
> - The sole member of the other limited liability company, THL Equity Fund VI Investors (BKFS-NB), LLC, is a Wyoming limited partnership with its principal place of business in New York. The Wyoming limited partnership is held by a governmental entity in the State of Wyoming and another Wyoming limited liability company, which, in turn, is controlled by a Delaware corporation with its principal place of business in New York.
>
> - The remaining seven members of ServiceLink Holdings, LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) Holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight II (D) Holding Corp.; and THL Black Knight II (E) Holding Corp.

12. Accordingly, for purposes of diversity, LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York.

13. Neither Lakeview nor LoanCare are citizens of the State of Texas. As seen above, Lakeview is a citizen of Delaware and Florida. LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York. Accordingly, complete diversity exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(c)(1).

### B. **Directions Equity, LLC was Improperly Joined to the First Amended Petition in an Attempt to Defeat Diversity Jurisdiction.**

14. Plaintiff has attempted to avoid removal by joining Directions Equity, LLC, a Texas LLC with Texas members, as a defendant in this matter. However, the doctrine of improper joinder prevents Plaintiff from defeating diversity jurisdiction by naming this non-diverse party.

15. The Fifth Circuit "has recognized two avenues to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cornett v. United Airlines, Inc.*, No.

A-18-CV-698 LY, 2019 WL 453365, at *1 (W.D. Tex. Feb. 5, 2019) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

16. The first prong is not at issue in this case. As for the second prong, the Fifth Circuit has provided the following test:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *See Cornett*, 2019 WL 453365, at *2.

17. According to the First Amended Petition, Plaintiff "entered into a mortgage financing agreement with" Directions Equity. (*See* First Am. Pet. ¶ 11 and Exhibit A thereto.) Then, on June 4, 2018, MERS, as nominee for Directions Equity, assigned the Deed of Trust to Lakeview. (*See* First Am. Pet. ¶ 14 and Exhibit B thereto.)

18. Despite the fact that Directions Equity assigned its interest in the Deed of Trust to Lakeview, Plaintiff mentions Directions Equity in her claims for breach of contract and declaratory judgment. However, "there is no possibility of recovery by the plaintiff against" Directions Equity based on these two claims.

19. First, Plaintiff states that Directions Equity "failed to notify the Plaintiff of any assignment of the deed of trust violating paragraph 13 of the deed of trust commanding the notice be sent to the property address or any other address the borrower designated by notice to the lender." (First Am. Pet. ¶ 28.) However, paragraph 13 of the Deed of Trust, attached to the First Amended Petition as Exhibit A, contains no such requirement. Paragraph 13 states that

"[a]ny notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method." Paragraph 13 says nothing about notice when the Deed of Trust is assigned. Without a contractual provision Directions Equity allegedly breached, there is no possibility of recovery against Directions Equity for breach of contract. *See Bosserman v. Bank of Am., N.A.*, No. A-13-CV-226 LY, 2014 WL 12580436, at *6 (W.D. Tex. 2014) ("Plaintiffs cannot base a breach of contract claim on an allegedly breached duty that the contract does not in fact impose.").

20. Second, Plaintiff seeks declaratory relief against Directions Equity. Plaintiff states that "Defendants Lakeview and Loancare do not have the right to go forward with a forcible detainer based on wrongful foreclosure that did not give proper legal notice to the Plaintiff" and that "the purported alleged power of sale by Defendants Lakeview and Loancare no longer applied and is not effective." (*See* First Am. Pet. ¶ 26.) Despite not mentioning any specific actions against Directions Equity, Plaintiff asks the Court to "declare the rights, status, and other legal relations as between Plaintiff, Defendants Lakeview, Loancare and Equity associated with the Subject Property." (*See* First Am. Pet. ¶ 27.) Because there is nothing to declare between Plaintiff and Directions Equity, Directions Equity is an unnecessary party that cannot defeat diversity. Accordingly, there is no possibility of recovery against Directions Equity for a declaratory judgment either. *See March v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (finding that declaratory judgment claim against non-diverse defendant did not destroy diversity jurisdiction because "[a]lthough the declarations quoted above purport to determine the rights of all Defendants, in reality only the rights of Wells Fargo and/or U.S. Bank are in dispute").

21. Accordingly, Directions Equity has been improperly joined to this matter. As such, complete diversity exists between Plaintiff and Defendants Lakeview and LoanCare.

### C. The Amount in Controversy Exceeds $75,000.

22. Removal is proper because the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs.

23. Where, as here, the Plaintiff has not alleged a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.2d 672, 675 (5th Cir. 2003) (citation omitted).

24. In the First Amended Petition, Plaintiff seeks an injunction preventing Lakeview and LoanCare from "attempting to go forward with a forcible detainer." (*See* First Am. Pet. ¶ 19.) Plaintiff also seeks declaratory relief in the form of a declaration that "Lakeview and LoanCare do not have the right to go forward with a forcible detainer based on wrongful foreclosure that did not give proper legal notice to the Plaintiff on the Subject Property because Defendant Lakeview's security interest in the Subject Property has been rendered void by operation of law." (First Am. Pet. ¶ 26.)

25. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

26. Here, Plaintiff seeks "injunctive relief prohibiting Defendants or their agents from going forward with the forcible detainer and the writ of possession" and asks the Court to "declare the foreclosure sale and Substitute Trustee Deed void" and for an "Order to Rescind the alleged foreclosure sale on December 4, 2018." (*See* First Am. Pet., Prayer for Relief ¶¶ 1-2, 11.) Thus, the entire value of the Property is squarely at issue.

27. According to the Wilson County Appraisal District, the 2018 Assessed Value of the Property is $212,710.00, a copy of which is attached hereto as **Exhibit A**. *See Mumfrey v. CVS Pharm.*, 719 F.3d 392, 398 n.8 (5th Cir.) (permitting defendant to present extrinsic evidence to demonstrate amount in controversy for notice of removal); *Barron v. Bank of America, N.A.*, No. 3:12-CV-3784-0-BF, 2013 WL 944434, at *2 (N.D. Tex. Feb 12, 2013), rec. adopted, 2013 WL 950737 (N.D. Tex. Mar. 12, 2013) (accepting evidence of appraised value to determine amount in controversy in Notice of Removal). Accordingly, the amount in controversy exceeds the $75,000 jurisdictional minimum.

28. The allegations on the face of Plaintiffs' Petition, based on the value of the Property, establish that the amount in controversy far exceeds $75,000, exclusive of interest and costs. Accordingly, this case is properly removable because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.   ADOPTION AND RESERVATION OF DEFENSES

29. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory

arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

30. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

31. True, correct, and certified copies of "all process, pleadings, and orders" served on Defendants are attached hereto as **Exhibit B** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

32. This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days from March 12, 2019, the date Lakeview was served with a copy of the First Amended Petition, and from March 13, 2019, the date LoanCare was served with a copy of the Petition. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").

33. The United States District Court for the Western District of Texas, San Antonio Division, is the court and division embracing the place where this action is pending in state court.

34. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Defendants have filed a copy of same with the clerk of the District Court of Wilson County, Texas, as well as a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

**WHEREFORE,** Defendants pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Wilson County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted this 5th day of April, 2019.

/s/ *Reid S. Manley*
Reid S. Manley (TX Bar # 24047520)
 BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: rmanley@burr.com

Attorney for Defendants
LAKEVIEW LOAN SERVICING, LLC
AND LOANCARE, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on the following parties by first-class, United States mail, postage prepaid, on this the 5th day of April, 2019:

Keith S. McMahon
Jeffrey S. Kelly
Lawrence Daniel
THE KELLY LEGAL GROUP, PLLC
P.O. Box 2125
Austin, TX 78701

Counsel for Plaintiff


Directions Equity LLC
Robert E. Golden
14100 San Pedro Ave., Suite 611
San Antonio, TX 78232-4363


                                                        */s/ Reid S. Manley*_____
                                                        Reid S. Manley