IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHERINE M. CONNER A/K/A KATHERINE M. SCHMIDT, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-19-CV-357-XR |
| v. | § § § | |
| LAKEVIEW LOAN SERVICING, LLC, and LOANCARE, LLC, | § § § § | |
| *Defendants.* | § § | |

**ORDER ON MOTION TO DISMISS**

On this date, the Court considered Defendants' Motion to Dismiss (docket no. 5), Plaintiff's response (docket no. 7), and Defendants' reply (docket no. 8). After careful consideration, Defendants' motion is GRANTED WITH LEAVE TO AMEND.

**BACKGROUND**

On April 30, 2015, Plaintiff Katherine M. Conner purchased the property at 115 Sky Hawk Lane, Floresville, Texas, 78114. Docket no. 1-3 at 94. She alleges she entered into a mortgage financing agreement with Directions Equity, LLC, which required repayment of a $247,296.00 loan. *Id.* Defendant Lakeview Loan Servicing, LLC, is the noteholder and Defendant Loancare, LLC, is the mortgage servicer. *Id.* Defendants allegedly noticed a foreclosure for December 4, 2018. This Notice of Acceleration and Notice of Non-Judicial Foreclosure Sale was sent on October 15, 2018, and returned to sender on November 15, 2018. *Id.* The foreclosure sale was completed, and Plaintiff alleges she did not receive notice until she was served with an eviction citation. *Id.* at 94-95.

On February 26, 2019, Plaintiff filed her petition in the District Court of Wilson County, Texas. Docket no. 1-3. Defendants removed to this Court on April 5. Docket no. 1. Plaintiff originally named Directions Equity as a defendant, which would have destroyed diversity of citizenship. Defendants argued Directions Equity was improperly joined, and the Court ordered Plaintiff to show cause why Directions Equity should not be dismissed. Docket no. 15. In response, Plaintiff voluntarily dismissed Directions Equity on June 4. Thus, this Court has jurisdiction, as the parties are completely diverse (Plaintiff is a Texas citizen, Lakeview is a citizen of Delaware and Florida, and Loancare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York) and the amount in controversy requirement is met. On April 12, 2019, Defendants filed the Motion to Dismiss now before the Court. Docket no. 5.

## DISCUSSION

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Application

Plaintiff brings claims for breach of contract, negligent misrepresentation, statutory fraud/fraud in real estate, wrongful foreclosure, tortious interference with a contract, and violation of the Texas Deceptive Trade Practices Act. Docket no. 1-3.

### a. Breach of Contract

Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Plaintiff claims Defendants breached the Deed of Trust in three ways. First, Plaintiff claims Defendants breached by not informing her of the Deed of Trust's assignment. Docket no. 1-3 at 100. However, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached," *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), and once that specific provision is identified, plaintiff must state how it was breached by alleging enough facts to state a plausible breach-of-contract claim, *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015). Here, no provision in the Deed of Trust requires that Defendants inform Plaintiff that the Deed of Trust was assigned.

Second, Plaintiff claims Defendants breached Paragraph 18 of the Deed of Trust, which requires that the Lender, if intending to foreclose, "shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law" and "shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law." Docket no. 1-3 at 112. Section 51.002 of the Texas property code, which governs real property sales under deeds of trust, is the "applicable law." Under this section, notice of a

foreclosure sale "must be given at least 21 days before the date of the sale by . . . . serving written notice of the sale by certified mail on each debtor," Tex. Prop. Code. § 51.002(b), but "service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address," *id.* § 51.002(e). Thus, under Texas law, actual receipt of a foreclosure notice is not required. *See Santiago v. Bank of New York Mellon,* 2017 WL 4946095, at *5 (Tex. App.—Dallas Nov. 1, 2017, no pet.). The Deed of Trust does not state otherwise. Here, Defendants sent the notice by certified mail on October 15, 2018, which was more than 21 days before the foreclosure sale. This satisfies the Deed of Trust and Section 51.002.

Third, Plaintiff claims Defendants breached Paragraph 10 of the Deed of Trust, which allows a Borrower to be reinstated. Docket no. 1-3 at 111. But Plaintiff has not alleged that she "tender[ed] in a lump sum all amounts required to bring Borrower's account current," *id.*, which is required.

Thus, Plaintiff has not stated a claim for breach of contract.

    b. **Negligent Misrepresentation**

In Texas, "[a] negligent misrepresentation claim consists of four elements: (1) the defendant made a representation in the course of his business, (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the misrepresentation." *Ponce v. Conseco Fin. Servicing Corp.*, No. 1:13-CV-762 LY, 2014 WL 12589592, at *6 (W.D. Tex. Jan. 17, 2014).

Plaintiff alleges Defendants "supplied false information to the plaintiff in the course of their business and did not exercise reasonable care in communicating the information . . . ." Docket

4

no. 1-3 at 102. Plaintiff, however, identifies no specific misrepresentation, and thus fails to state a claim for negligent misrepresentation.

### c. Statutory Fraud/Fraud in Real Estate

Plaintiff alleges that Defendants violated Section 27.01(a) of the Texas Business and Commerce code, but this statute "by its own terms applies only to fraud in real estate or stock transactions," and a "loan transaction, even if secured by land, is not considered to come under this statute." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008). Here, Plaintiff's claim against Defendants is based on a loan transaction, not a real estate transaction, so this statute does not apply.

### d. Wrongful Foreclosure

In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Here, Plaintiff alleges that notice was inadequate, but she has not alleged that the selling price was grossly inadequate or that there is a causal connection between the allegedly deficient notice and this price. This claim also fails.

### e. Tortious Interference With a Contract

The elements of tortious interference with a contract are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Here, Plaintiff alleges only that Defendants "have interfered with the contract between the Plaintiff and Defendant Equity,"

5

docket no. 1-3 at 105, but this fails to state a claim for, among other reasons, the failure to allege a willful and intentional act.

### f. DTPA Violation

"To establish a claim under the DTPA, Plaintiffs must show the following: (1) Plaintiffs are consumers with regard to the transaction with Defendants; (2) Defendants engaged in false, misleading, or deceptive acts; and (3) the acts were a producing cause of the Plaintiffs' injuries. *Siens v. Trian, LLC*, No. A-11-CV-075-AWA, 2014 WL 1900737, at *4 (W.D. Tex. May 13, 2014)." To be a qualifying "consumer," a person "must have sought or acquired goods or services by purchase or lease," but "[t]he lending of money is not a good or service." *Id.* (dismissing a DTPA claim because "Plaintiffs executed a Note—a loan of money—to finance the purchase of real property" and thus did not "qualify as 'consumers' under the DTPA"). Here, Plaintiff is not a consumer and thus cannot state a viable DTPA claim.

### g. Injunctive and Declaratory Relief

Finally, Plaintiff seeks declaratory and injunctive relief. Docket no. 1-3 at 96-100. First, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Second, a request for declaratory judgment is "merely a theory of recovery" for a cause of action and fails if all substantive claims fail. *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-CV-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) and *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012)). Since

all of Plaintiff's substantive claims are dismissed, neither declaratory nor injunctive relief is appropriate here.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (docket no. 5) is GRANTED WITH LEAVE TO AMEND. Should Plaintiff wish to pursue her claims, she is ORDERED to file an amended complaint by June 27, 2019. If Plaintiff does not file an amended complaint by this date, her claims will be dismissed. This case is to remain open pending Plaintiff's filing of an amended complaint.

It is so ORDERED.

SIGNED this 6th day of June, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE