IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHERINE M. CONNER  A/K/A KATHERINE M. SCHMIDT  *Plaintiff,*  v.  LAKEVIEW LOAN SERVICING, LLC. AND LOANCARE LLC  *Defendants*. | § § § § § § § § | CIVIL CASE NO. 5:19-CV-357 |

# AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Katherine M. Conner a/k/a Katherine M. Schmidt, (hereinafter "Plaintiff") and brings this suit and complains of Defendants Lakeview Loan Servicing, LLC, and Loancare LLC and for cause of action will show the court the following:

## I. DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3, pursuant to Texas Rule of Civil Procedure 190.3.

## II. PARTIES

2. Plaintiff **Katherine M. Conner a/k/a Katherine M. Schmidt** (hereinafter "Plaintiff") is an individual residing in Wilson County, Texas. At all times relevant herein, Plaintiff is over the age of eighteen and is a resident of the City of Floresville, County of Wilson, State of Texas.

3. Defendant, **Lakeview Loan Servicing, LLC** (hereinafter "Lakeview"), is a foreign limited liability company. Its registered agent is **Corporation Service Company d/b/a CSC-**

**Lawyering Service Company** and its registered office address is **211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.**

4. Defendant, **LoanCare, LLC,** ("Loan Care"), is a a foreign limited liability company. Its registered agent is **CT Corporation System**, and its registered office address is **1999 Bryan St. Suite 900, Dallas, Texas 75201-3136.**

### III. VENUE AND JURISIDICITON

5. Venue in Wilson County, Texas is proper in this cause. Pursuant to §15.002 and/or §15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in this county, or this action involves real property as provided by §15.011, and this county is where the real property is located.

6. Jurisdiction is proper because the amounts in controversy exceed the minimum jurisdictional limits of this Court, because Defendant Lakeview and Loancare conduct business in this State, and because the events giving rise to this suit arose out of the business conducted by Defendants in this State.

### IV. FACTS

7. On April 30, 2015, Plaintiff purchased at 115 Sky Hawk Lane, Floresville, Texas 78114 (The "Subject Property) is more formally described as;

> **LOT 17, OF THE ESTATE AT EAGLE CREEK, SECTION 1, WILSON COUNTY, TEXAS, AS PER PLAT OF THE ESTATE AT EAGLE CREEK, SECTION 1 OF RECORD IN VOLUME 6, PAGES 29-33, MAP OR PLAT RECORDS OF WILSON COUNTY, TEXAS.**

8. At even date therewith Plaintiff's purportedly entered into a mortgage financing agreement with Directions Equity LLCwhich allegedly required the repayment of a loan of $247,926.00 (see **Exhibit A** Deed of Trust). However, it has now become apparent that Mortgage

Electronic Registration Systems, Inc or MERS is or was acting as a "Nominee" for Defendant Directions Equity LLC on the note and possibly the deed of trust.

9.      It is apparent now from Defendants' pleadings at the Justice of the Peace that a Lakeview Loan Servicing, LLC is the noteholder, and Loancare, LLC (the "Lakeview Parties") is the mortgage servicer.

10.     Allegations were made that Plaintiff failed to make payments.  Plaintiff hired the Kealy Law Center, LLC out of Virginia to assist with resolving the issues.  It was recently found that the Kealy Law Center had done nothing to assist the Plaintiff.

11.     The Lakeview Parties allegedly noticed a foreclosure for December 4, 2018 which Plaintiff received no notice of, and it appears at present that the note and debt was not accelerated property.  On February 21, 2019, Plaintiff's counsel obtained from Wilson County, the Assignment of Deed of Trust from MERS as nominee of Directions Equity LLCassigned the Deed of Trust to Defendant Lakeview (See **Exhibit B**). The alleged letter giving Notice of Acceleration and Notice of Non-Judicial Foreclosure Sale was sent on October 15, 2018 but returned to send on November 15, 2018 (See **Exhibit C**). But that did not deter Defendants Lakeview and Loancare from moving forward as Plaintiff's counsel obtained the Substitute Trustee's Deed showing the sale occurred on December 4, 2018 despite no notice to the Plaintiff (See **Exhibit D**) being in violation of paragraphs 9, 10, 13 and 18 of the deed of trust.[1]

12.     Adding to the curiosity Plaintiff's counsel also found an Affidavit to Correct the Instrument filed by Melissa Guerra on January 11, 2019, after the foreclosure sale, to correct an error on the Deed of Trust (See **Exhibit E**).

13.     Plaintiff was not aware of the foreclosure occurring until she was served with this

---

[1] See paragraphs 9, 10, 13 and 18 of **Exhibit A**

eviction citation (See **Exhibit F**). With Plaintiff not receiving notice of the foreclosure any actions taken by the trustee of the deed of trust is suspect. "A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust; and the powers therein conferred must be strictly followed." ***Michael v. Crawford***, 108 Texas 352, 193 S.W. 1070; ***Bemis V. Williams***, 32 Texas Civ. App. 393, 74 S.W. 332; ***Smith v. Allbright*** (Civ. App.), 279 S.W. 852; 29 Tex. Jur. 975. In the present case the powers were not at all strictly followed, in fact as detailed above, were not at all followed. Plaintiff has always operated in good faith and on November 16, 2018 wrote a letter to Directions Equity LLC who she believed was still the lender as she wanted to cure any debt with her lender (See **Exhibit G**).

14. It is now clear that Defendant Lakeview and Loancare with knowledge of the fact that Plaintiff was in possession of the Property[2], "purchased" the Property themselves for $192,000.00[3] and failed to send effective legal notice of the foreclosure sale to the Plaintiff. This was grossly below the amount they could have received for the Subject Property as the Defendants benefitted from being the only bidder without complete notice to the Plaintiff. Plaintiff received the attached notice for tax purposes from Defendant Loancare as the Plaintiff allegedly owed $237,460.48 and therefore the purchase price of $192,000.00 paid to themselves creates a deficiency causing further harm to the Plaintiff (See **Exhibit H**).

## V. CAUSES OF ACTION
### A. DECLARATORY RELIEF

---

[2] Plaintiff has been in constant and uninterrupted possession of the Property since 2005. Even with the most minimal due diligence it would have been discoverable that Plaintiff had possession of the Property. Further, on December 1, 2015 the undersigned attorney had conversations with Defendant FNA's attorney and agent prior to the sale to Defendant Ramirez on December 30, 2015 of the Property. Despite same, and with knowledge of the title issues, FNA sold the Property to Defendant Ramirez on December 30, 2015.
[3] See **Exhibit D**

15. An actual controversy has arisen and now exists between Plaintiff and all of the Defendants regarding the respective rights and duties, in that Plaintiff contends that Defendants Lakeview and Loancare do not have the right to go forward with a forcible detainer based on wrongful foreclosure that did not give proper legal notice to the Plaintiff on the Subject Property because Defendant Lakeview's security interest in the Subject Property has been rendered void by operation of law, therefore the purported alleged power of sale by Defendants Lakeview and Loancare no longer applied and is not effective, and as such the power to foreclose does not exist at present with Defendants Lakeview and Loancare to evict the Plaintiff.

16. Plaintiff requests this Court pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 *et seq* declare the rights, status, and other legal relations as between Plaintiff, Defendants Lakeview, Loancare and Equity associated with the Subject Property.

### B. BREACH OF CONTRACT

17. Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff; (3) breach of contract by the Defendant; and (4) damages sustained as a result of the breach. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.)) *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 442 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Plaintiff had a Contract[4] with Directions Equity LLC and the Plaintiff had been performing by paying the monthly payments to the Directions Equity LLC. When they missed a couple of payments due to her divorce, she quickly worked to cure the breach and to discuss options with Directions Equity LLC as seen on the attached letter (See **Exhibit G**). Even though the Plaintiff

---

[4] See **Exhibit A**

had not received any notice of acceleration or notice of a foreclosure sale, the Plaintiff on her own accord wanted to cure the default.[5] Plaintiff now knows that Defendants Lakeview and Loancare claim ownership of the note and deed of trust.

18.     If Defendants Lakeview and Loancare are the rightful owners of the note and deed of trust then they are in violation of paragraphs 9, 10 and 18 of the deed of trust.[6] Paragraph 9 outlines what will be considered "grounds for acceleration of debt" which then leads to paragraph 18 on the foreclosure procedure allowing for 21 days notice to the borrower.[7] However paragraph 13 of the deed of trust[8] commanding the notice be sent to the property address or any other address the borrower designates by notice to the lender which we can see was not done as the letter was returned to the sender (See **Exhibit C**). However while the Defendant would like to rely on the Texas Property Code §51.002 that service is complete when the notice is deposited in the United States Mail, a further reading reveals "(e) Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code Ann. § 51.002. There is no affidavit to complete effective notice to the Plaintiff. Therefore, it stands that effective notice was not given to the Plaintiff and therefore a breach of the contract has occurred.

19.     Paragraph 10 of the deed of trust was ignored in its entirety as it calls for the Borrower to have the right to be reinstated if the Lender has required immediate payment in full.[9]

---

[5] See **Exhibit G**
[6] See **Exhibit A**
[7] See paragraph 9 and 18 of **Exhibit A**
[8] See paragraph 13 of **Exhibit A**
[9] See paragraph 10 of **Exhibit A**

---

*Amended Complaint*
Page **6** of **14**

Plaintiff had request an accounting however Defendant Lakeview and Loancare moved forward, breaching the contract by the above listed violations of the deed of trust, never providing proper notice of the default with date by which the default needed to be cured.[10] If the Plaintiff can receive an accurate accounting from the Defendants then the Plaintiff may evaluate her ability to tender a lump sum to the Defendants. The Plaintiff have now suffered due to the breach by the Defendant Lakeview and Loancare who further allegedly sold the Subject Property again without notice to the Plaintiff.  It is the intent of the Plaintiff through discovery to obtain an accounting and possibly have an expert review the accounting provided by the Defendants.

### C. NEGLIGENCE

20. The elements of negligence are: (1)  The defendant owed a legal duty to the plaintiff (2)  the defendant breached that duty and (3) the breach proximately caused the plaintiff's injury. *Nabors Drilling, U.S.A., Inc. vs. Escoto*, 288 S.W.3d 401, 404 (Tex.2009); *Western Invs. V. Urena*, 162 S.W.3d 547, 550 (Tex.2005). The existence of a duty is a question of law. *E.g., Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex.2005); *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex.1991) (reviewing judgment notwithstanding the verdict and recognizing that "[t]he existence of a legal duty is a question of law for the court although in some instances it may require the resolution of disputed facts or inferences which are inappropriate for legal resolution"). Negligence actions in Texas require "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc.*, 288 S.W.3d at 404.  A duty can be assumed by contract or imposed by law. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 223 (Tex. 2002) (Enoch, J., concurring) (quoting *Greater Houston Transp.*

---

[10] See paragraphs 10 and 18 of **Exhibit A**

*Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Duty is the "threshold inquiry in a negligence case." *Id.*

21. The Defendants have assumed a contract from Directions Equity by an alleged assignment[11] that created a special relationship between the parties as well as a duty for both sides. The Plaintiffs have a duty to preform and if there is a defect or default that occurs the Defendants have a duty to follow the procedure as laid out by the Deed of Trust. Defendant Lakeview and Loancare failed to provide notice pursuant to paragraphs 13 and 18 of the deed of trust[12] not allowing the Plaintiff to use her right to reinstate under paragraph 10 of the deed of trust[13] despite the Plaintiff who on her own accord[14] attempted to resolve all issues with Directions Equity who she understood was her lender. Defendant Lakeview and Loancare who did the minimal attempt to give notice to the Plaintiff.[15] Defendant Lakeview and Loancare breached their duty as outlined in paragraphs 9, 10, 13 and 18 of the deed of trust and allowed Plaintiff to cure the alleged default.[16] This breach is the proximate cause as the Plaintiff now suffered damages as she may lose her home.

### D. STATUTORY FRAUD/FRAUD IN REAL ESTATE

22. To succeed on a Section 27.01 fraud claim a plaintiff must show that: (1) a representation of a material fact was made; (2) the representation was false; (3) the representation was made to induce a party to enter a contract; (4) the party relied upon that representation when making the contract; and (5) the false representation caused an injury. *Larsen v. Carlene Langford & Assocs., Inc.*, 41 S.W.3d 245, 249 (Tex.App.-Waco 2001, pet. denied). The statutory cause of action differs from the common law only in that it "does not require proof of knowledge or

---

[11] See **Exhibit B**
[12] See **Exhibit A**
[13] *Id.*
[14] See **Exhibit G**
[15] See **Exhibit C**
[16] See **Exhibit A**

recklessness as a prerequisite to the recovery of actual damages." *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 (Tex.App.—Waco 1998, pet. denied).; *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 723 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e .) If a plaintiff successfully proves these elements, actual and exemplary damages can be recovered from the defendant. *Hawkins v. Walker*, 233 S.W.3d 380, 391 (Tex.App.-Fort Worth 2007, no pet.). A material fact is one in which a reasonable person would attach importance to and would be induced to act on in determining their choice of actions. *American Medical Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 338 (Tex.App.-Houston [14th Dist.] 1991, no writ).

23. The evidence shows that the parties entered into a valid contract for the sale of real estate, and as a result, a potential sale or purchase of real estate was created and because a contract for real estate was executed between the parties, Appellees' cause of action for statutory fraud under Section 27.01 is not barred due to absence of an actual conveyance of real property. See TEX. BUS. & COM.CODE ANN. § 27.01(a) (West 2009); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex.App.-Waco 2000, pet. denied); *see also Life Ins. Co. of Va. v. Murray Inv. Co.,* 646 F.2d 224, 227 n. 2 (5th Cir.1981) n. 2. *Tukua Investments, LLC v. Spenst*, 413 S.W.3d 786, 797 (Tex. App. 2013).

24. Defendants Lakeview and Loancare moved forward with a foreclosure sale despite knowing they were in violation of paragraphs 9, 10 and 18 of the deed of trust.[17] and did not give proper legal notice as required by paragraph 13 of the deed of trust.[18] The attempt of notice was returned to Defendants Lakeview and Loancare[19] and instead of making a good faith effort for proper notice Defendants Lakeview and Loancare then moved filed the substitute trustee's deed

---

[17] See **Exhibit A**
[18] See paragraph 13 of **Exhibit A**
[19] See **Exhibit C**

*Amended Complaint*
Page *9* of *14*

despite actual awareness that they did not had completed the proper procedure to foreclose on the Plaintiff by never giving proper legal notice to the Plaintiff and failed to disclose this fact and now have benefitted by buying the Subject Property at $192,000.00.[20] This price was well under the value and amount allegedly owed by the Plaintiff in an effort to purposefully create a deficiency.[21] Due to this false representation, the Plaintiff now stand to lose her home.

### E. COMMON LAW WRONGFUL FORECLOSURE

25.     Due to the failure in notice Defendants Lakeview and Loancare's foreclosure was wrongful. A mortgagee is liable for common-law wrongful foreclosure if it either (1) fails to comply with the Statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that determinately affects the fairness of the foreclosure process.[22] Section 51.003 provides borrowers and guarantors with a mechanism to adjust foreclosure sales prices upward. *See* Tex. Prop. Code § 51.003 (Vernon 2014); *see generally Moayedi v. Interstate 35/Chisam Rd., L.P.,* 438 S.W.3d 1, 5 (Tex. 2014). The legislature created this mechanism in recognition that post-foreclosure deficiencies artificially can be inflated because "the nonjudicial foreclosure sale often does not directly represent [**9] what a buyer might pay in the market." *Moayedi*, 438 S.W.3d at 5. When the lender is the sole bidder, it has little incentive to bid high. *See id*; *Marhaba Partners Ltd. P'ship v. Kindron Holdings, LLC*, 457 S.W.3d 208, 213 (Tex. App. 2015). Defendants Lakeview and Loancare failed to provide notice pursuant to paragraphs 13 and 18 of the deed of trust[23] not allowing the Plaintiff to use her right to reinstate under paragraph 10 of the deed of trust[24] despite the Plaintiff who on her own accord[25] attempted to resolve all issues

---

[20] See **Exhibit D**
[21] See **Exhibit H**
[22] *First State Bank v. Kellman,* 851 S.W.2d 914, 921-22 (Tex.App.—Austin 1993, writ denied)
[23] See **Exhibit A**
[24] *Id*.
[25] See **Exhibit G**

with Directions Equity LLC who she understood was her lender. Plaintiff was never aware of the foreclosure sale and never received the lone attempt by Defendants Lakeview and Loancare which **Exhibit C** shows it was returned to them. The Plaintiff was more than capable of working with Defendants Lakeview and Loancare but her rights under paragraph 10 of the deed of trust[26] were ignored by Defendants Lakeview and Loancare. Plaintiff allegedly owed $237,460.48 and therefore the purchase price of $192,000.00 paid to themselves creates a deficiency causing further harm to the Plaintiff (See **Exhibit H**). Defendants purposefully bought the Subject Property knowing the Plaintiff had not notice of the sale at a price lower than the amount allegedly owed by the Plaintiff.[27] The opportunity for discovery with the Defendants may reveal the true market value of the Plaintiff's home.

### F. TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

26. The Texas Deceptive Trade Practices Act or TTPA allows a Plaintiff to bring an action against any person who uses or employs false, misleading or deceptive acts or practices. Tex. Bus. & Com. Code § 17.50(a)(1); *Miller v. Keyser*, 90 S.W.3d 712, 715 (Tex.2002). The DTPA defines "person" as an individual, partnership, corporation, association or other group, however organized. Tex. Bus. & Com. Code § 17.45(3); *Miller*, 90 S.W.3d at 715. This definition is not limited to individuals and traditional business organizations. *Potere, Inc. v. National Rlty. Serv.*, 667 S.W.2d 252, 256 (Tex.App. –Houston [14th Dist.] 1984, no writ). TEX. BUS. & COM.CODE § 17.45(4) defines "consumer" as one "who seeks or acquires by purchase or lease, any goods or services" and Texas Courts have held "consumer" includes intended beneficiary of goods or services.[28] A mortgagor qualifies as a consumer under the DTPA if his or her primary

---

[26] See **Exhibit A**
[27] See **Exhibit H**
[28] *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex.1997).

objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint. *Compare Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 706–08 (Tex.1983) ("[T]he Flennikens make no complaint as to the Bank's lending activities. Unlike Lewis, the Flennikens did not seek to borrow money; they sought to acquire a house. The house thus forms the basis of their complaint."), with *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex.1980) ("Lewis approached Riverside Bank with one objective; he sought to acquire money."). The Plaintiff's Deed of Trust was for the purpose to acquire a house and if it is rightfully and legally transferred to the Defendants Lakeview and Loancare then the Plaintiff is still a consumer under the DTPA.

27. The Defendant Lakeview and Loancare can be sued under this act. Defendant Lakeview and Loancare specifically made false, misleading and deceptive acts among others include §17.46 of the Business and Commerce Code (b)(7)(11)((12)(24), and the Defendant Lakeview and Loancare committed unconscionable actions and course of action; each of these were relied upon to the Plaintiff' detriment. Defendants Lakeview and Loancare's actions were the producing cause of Plaintiff's damages.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE Plaintiff asks for the following for each Cause of Action sustained:

1. For injunctive relief prohibiting Defendants or their agents from going forward with the forcible detainer and the writ of possession.
2. To declare the foreclosure sale and Substitute Trustee Deed void.
3. Compensatory Damages in an amount to be determined by proof at trial.
4. For Special Damages in an amount to be determined by proof at trial.
5. For Liquidated Damages an amount to be determined by proof at trial.

6. For General Damages in an amount to be determined by proof at trial.

7. For Treble Damages in an amount to be determined by proof at trial.

8. For Punitive Damages as against the individual Defendant Lakeview.

9. For Declaratory Relief, including a declaration that I am the prevailing party.

10. For attorney fees.

11. An Order to Rescind the alleged foreclosure sale on December 4, 2018.

12. For any prejudgment or other interest according to law.

13. Any other and further relief that the Court considers just and proper.

Plaintiff further requests all other relief to which Plaintiff is entitled.

    Respectfully submitted,

    THE KELLY LEGAL GROUP, PLLC
    P.O. BOX 2125
    Austin, Texas 78701-2125
    512-505-0053 tel
    512-505-0054 fax
    jkelly@kellylegalgroup.com

By: _____
    Keith S. McMahon
    State Bar No. 24060992
    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing via the ECF filing system, which should send a copy of such filing to all parties in this matter 24th day of June 2019.

_____
Keith S. McMahon